UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHNNY LEE VARNER,

    Plaintiff,

v.

JEFFREY UTTECHT and SANDI JACOBSON,

    Defendants.

NO. CV-07-5061-EFS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Before the Court, without oral argument, is Defendants' Motion to Dismiss for Failure to Exhaust. (Ct. Rec. 23.) After reviewing the submitted material and relevant authority, the Court is fully informed and grants Defendants' motion. The reasons for the Court's Order are set forth below.

## I. Background

Plaintiff Johnny Lee Varner is a Washington State prisoner currently incarcerated at McNeil Island Corrections Center. In January 2006, Defendants placed Plaintiff in a cell with another inmate, who attacked Plaintiff and bit his finger on March 19, 2006. Plaintiff's finger became infected and was later amputated. Plaintiff now seeks damages under 42 U.S.C. § 1983 for civil rights violations relating to his finger loss.

ORDER ~ 1

## II. Discussion

### A. Improper Citations

As an initial matter, Defendants argue that Plaintiff improperly cites to and relies upon documents not contained in the record. (Ct. Rec. 39 at 3.) For example, Plaintiff references Department of Corrections ("DOC") Policy 550.100 to support an argument, citing to the Declaration of Devon Schrum in Support of Defendants' Motion to Dismiss, ¶ 3. (Ct. Rec. 38 at 4.) Ms. Schrum's declaration never mentions DOC policy 550.100. (Ct. Rec. 25.) While this is just one example, there are others. Plaintiff's citations to documents purportedly in the record - but in fact are not - are inappropriate and will not be considered by the Court.

### B. Exhaustion

Defendants assert Plaintiff's section 1983 claim is properly dismissed because Plaintiff failed to exhaust administrative remedies by belatedly grieving the March 19, 2006 inmate assault. (Ct. Rec. 24 at 9.) Plaintiff responds that he is exempted from standard exhaustion requirements and, alternatively, that Defendants failed to notify him about DOC's twenty-day deadline for filing prison grievances. (Ct. Rec. 38 at 10.)

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). Exhaustion also must be proper. *Woodford v. Ngo,* 548 U.S. 81, 84 (2006) (holding

ORDER ~ 2

that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Strict exhaustion requirements promote judicial efficiency and allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Block,* 127 S. Ct. 910, 914 (2007).

The PLRA exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See id.* at 921 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune,* 315 F.3d 1108, 1117-19 (9th Cir. 2003), *cert. denied sub nom. Alameida v. Wyatt,* 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt,* 315 F.3d at 1119. While a district court may look beyond the pleadings in deciding a motion to dismiss for failure to exhaust administrative remedies, it must assure that the prisoner has fair notice of his or her opportunity to develop a record. *Id.* at 1120 n.14.[1]

**1. Administrative Remedy Availability**

Exhaustion is not required if there is no available administrative remedy. *See Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir. 2005).

---

[1] Plaintiff is represented by counsel and has had fair opporutnity to develop a record.

ORDER ~ 3

Administrative remedies are available so long as some form of redress may be obtained through an established procedure. *Booth,* 532 U.S. at. at 738-39. Here, administrative remedies are available because DOC has an established grievance system for addressing, *inter alia,* staff and offender conduct. (Ct. Rec. 25 at 2.) The sole issue is, therefore, whether Plaintiff properly utilized the established grievance system.

### 2. Exhausting Administrative Remedies

Plaintiff failed to properly utilize McNeil Island's grievance system because he untimely filed his grievance. DOC policy requires inmates to file grievances within twenty (20) working days of a grievable incident. (Ct. Rec. at 3.) Plaintiff's cellmate assaulted him on March 19, 2006. Despite the assault's seriousness, Plaintiff waited forty-five (45) days before filing his May 3, 2006 inmate grievance. (Ct. Rec. 25-2 at 7.) This was improper.

Plaintiff relies on *Rivera v. Goord*, 253 F. Supp. 2d 735 (S.D.N.Y. 2003) for the proposition that he is exempted from exhaustion requirements because his complaint "was beyond the grievance process." (Ct. Rec. 38 at 8.) Plaintiff is mistaken. The district court in *Rivera* determined that exhaustion may be excused "if [the plaintiff] has been led to believe than an incident was not a grievance matter and would be otherwise investigated or that filing a grievance would be futile." 253 F. Supp. 2d at 747. Thus, *Rivera* refers to a scenario where a plaintiff never files a grievance because he is informed to do so would be futile. Here, Plaintiff did file a grievance. It makes no difference that DOC determined Plaintiff's grievance was "non-grievable" initially based on subject matter, and later based on timeliness. Either way, DOC never

ORDER ~ 4

informed Plaintiff that filing a grievance about the inmate assault would be futile; Plaintiff simply filed his grievance too late. Accordingly, exemption from exhaustion requirements is not warranted.

Plaintiff next argues that due process entitled him to notice about DOC's twenty-day grievance deadline. (Ct. Rec. 38 at 10.) There are three (3) problems with this argument. First, Plaintiff concedes in his response that "prisoners, on the whole, do not have liberty or property interests in the details of a state's grievance procedures." (Ct. Rec. 38 at 11.) Second, Plaintiff's reliance on *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998), and *Solis v. County of Los Angeles,* 514 F.3d 946 (9th Cir. 2008), for the premise that DOC must provide notice to Plaintiff about its 20-day grievance deadline is misplaced. Both *Rowland* and *Solis* conclude that *pro se* prisoners are entitled to a "*Klingele*" instruction,[2] i.e., fair notice about summary judgment rule requirements. 154 F.3d at 956; 514 F.3d at 952. Neither Ninth Circuit case discusses - let alone mentions - a prison's obligation to inform prisoners about grievance deadlines. And third, there are no facts before the Court suggesting that DOC's notice to inmates about grievance deadlines was insufficient.[3]

---

[2] *See Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988).

[3] True, Plaintiff's dismissal response contains the following quote: "the DOC admits that the Grievance policy and procedures manual . . . is available in the legal library." (Ct. Rec. 38 at 4.) But this quote, like Plaintiff's citation to DOC Policy 550.100, does not exist in the record and will not be considered by the Court.

ORDER ~ 5

Proper exhaustion under the PLRA is mandatory. *Woodford,* 548 U.S. at 84. Permitting Plaintiff to proceed with a procedurally defective grievance not only contravenes Supreme Court precedent, but it also undermines the PLRA's purpose, which is to ensure that inmates follow proper protocol so that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones,* 127 S. Ct. at 914. The Court declines to disregard DOC's exhaustion requirements and meddle in McNeil Island's prison administration, an area "peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84-85 (1987). Generally, dismissal without prejudice is appropriate. But considering the procedural defects contained in Plaintiff's failure to exhaust cannot be cured, dismissal with prejudice is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Failure to Exhaust **(Ct. Rec. 23)** is **GRANTED**.

2. Judgment shall be entered in Defendants' favor.

3. This file shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___11th___ day of September 2008.

                                      S/ Edward F. Shea
                                        EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2007\5061.Dismiss.wpd

ORDER ~ 6